66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aron Dwayne VERSTEEG, Defendant-Appellant.
 No. 94-30399.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aron Dwayne Versteeg appeals his conviction, which followed his conditional plea of guilty to manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Versteeg argues that the district court erred by denying his motion to suppress statements he made after his arrest and evidence seized from his home pursuant to an invalid search warrant. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the question of police coercion. Derrick v. Peterson, 924 F.2d 813, 823 (9th Cir.1990), cert. denied, 502 U.S. 853 (1991). We review for clear error the district court's conclusion that the suspect made a knowing waiver of his Miranda rights. Id. When there is no evidence of police overreaching, a suspect's mental vulnerability to questioning will not bar admission of his incriminating statements. Colorado v. Connelly, 479 U.S. 157, 168-70 (1986).
 
 
 4
 Versteeg claims that police roused him from sleep and handcuffed him behind his back, awakening memories of earlier police mistreatment which overbore his will and induced him to make incriminating statements. We uphold the district court's conclusions that police treated Versteeg appropriately when they entered his house to search for evidence of contraband, see Peterson, 924 F.2d at 823, and that he voluntarily waived his Miranda rights, see id.; Connelly, 479 U.S. at 168-70.
 
 
 5
 A search warrant must be supported by an affidavit establishing probable cause under the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983). The warrant is void if the affidavit upon which it is based contains a false statement or a deliberate or reckless omission which was necessary to the magistrate's finding of probable cause. United States v. Tham, 960 F.2d 1391, 1395 (9th Cir.1991) (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978).
 
 
 6
 Versteeg claims the affidavit supporting the warrant to search improperly omitted the facts that police did not smell marijuana venting from his house and that, in light of a confidential informant's psychotic behavior, police had determined not to rely on him for further information or testimony. These claims are unavailing.
 
 
 7
 We do not consider significant the affiant's failure to mention that he did not smell marijuana near Versteeg's house. The magistrate could have inferred from the affiant's failure to state that he had smelled marijuana that he had not.
 
 
 8
 We are also satisfied that the affidavit presented sufficient facts from which the magistrate could conclude that the confidential informant was imbalanced. The affiant described in detail the psychotic behavior that led authorities to decide to discontinue using the informant. We note for the record that the authorities' independent investigation corroborated everything the informant told them. We conclude that this omission was not necessary to the magistrate's determination, see Tham, 960 F.2d at 1395, and that, under the totality of the circumstances, the affidavit amply supported probable cause to search Versteeg's house, see Gates, 462 U.S. at 238. Because Versteeg failed to show that the affidavit contained misleading omissions resulting from a deliberate or reckless disregard of the truth, the district court properly denied his request for a Franks hearing. See United States v. Kyllo, 37 F.3d 526, 529 (9th Cir.1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3